NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> WILTON RANCHERIA, <br><br> Defendant - Appellant. | No. 25-234 <br><br> D.C. No. 2:23-cv-02767-KJM-SCR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted December 4, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Defendant-Appellant Wilton Rancheria ("the Tribe") appeals the district court's denial of the Tribe's motion to vacate an arbitration award directing the Tribe to cooperate with UNITE HERE's ("the Union") attempts to use the procedure for electing a collective bargaining representative established by the parties' 2017

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Memorandum of Agreement ("MOA"). We have jurisdiction under 28 U.S.C. § 1291; the district court had jurisdiction over the Union's initial complaint under 28 U.S.C. § 1331 and over the Tribe's motion to vacate under 28 U.S.C. § 1367. When a district court denies a motion to vacate an arbitration award, we review the district court's denial de novo. *ASARCO LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC*, 910 F.3d 485, 489 (9th Cir. 2018). Under the Federal Arbitration Act, federal courts review an arbitration award very deferentially, upholding it "unless it is completely irrational or it constitutes a manifest disregard of the law." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003) (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986)). Failures to "understand or apply the law"—even "misinterpretations of law"—do not satisfy this standard. *French*, 784 F.2d at 906 (quoting *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1285 (9th Cir. 1982)).

The district court properly denied the Tribe's motion to vacate. There is no question that the parties authorized the arbitrator to decide whether the Union had to use the election procedure described in the Tribal Labor Relations Ordinance ("TLRO"), or whether the Tribe had to comply with the Union's efforts to use the MOA election procedure. The arbitrator focused his analysis on that "essential dispute," noting that "compliance with the MOA does not affect compliance" with

2                                                                        25-234

other TLRO provisions. Then, exercising the authority granted to him by the parties, the arbitrator rejected as "unconvincing" and "implausible" the Tribe's argument that the MOA language incorporating the same TLRO the Tribe would formally enact in 2019 "mean[s] the Union agreed that it must follow the election procedure in the TLRO because that procedure is exclusive." The arbitrator noted that similar TLROs had never been interpreted to "vitiate[]" the election procedure prescribed by similar MOAs, and that reading the TLRO procedure as the exclusive election method would turn the MOA provisions describing the alternative procedure into surplusage.

The Tribe fails to persuasively argue that this ground of the arbitrator's decision qualifies as a manifest disregard of law or as completely irrational. The arbitrator's reasoning does not involve "recogniz[ing] the applicable law and then ignor[ing] it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). Contrary to the Tribe's argument, the arbitrator did not ignore the election procedure described by the TLRO: he merely found that it was not the "exclusive" election procedure available to the parties. Nor is the arbitrator's analysis "completely irrational" for "fail[ing] to draw its essence from the agreement." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461–62 (8th Cir. 2001)). In rejecting the argument that the TLRO procedure was the exclusive election

procedure available to the parties, the arbitrator was drawing from the essence of the agreement by giving effect to each of the agreement's provisions. Under the extraordinarily deferential standard prescribed by the Federal Arbitration Act, the district court therefore properly upheld, as not manifestly disregarding the law or completely irrational, the arbitrator's conclusion that the Tribe had to comply with the Union's attempts to use the MOA election procedure.[1]

**AFFIRMED.**

---

[1] The arbitrator's analysis of the language of the TLRO and the MOA in the second ground of his decision suffices to support his conclusion, so we do not reach the third ground the arbitrator provided—that "the Tribe fails to show that the TLRO is a law it made as a sovereign that takes precedence over the MOA." The subsequent formal enactment of the same TLRO incorporated by reference into the MOA, whether an exercise of sovereign power or not, does not impact the arbitrator's finding that the TLRO election procedure was not exclusive.